*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| TUDOR CONSTRUCTION CO., INC., and PHILIP C. AHN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CORE TECH INTERNATIONAL CORPORATION and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) ) |
| Defendants. | ) ) |

**CIVIL CASE NO. CV0513-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Fidelity and Deposit Company of Maryland's motion for summary judgment on Plaintiff's supplemental complaint of bad faith, filed September 27, 2013. The final brief by the parties regarding this motion was filed October 21, 2013, and the Court took the matter under advisement thereafter. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 3, 2012, Plaintiff filed a complaint to allege nonpayment for work completed in two construction projects as a subcontractor to Defendant Core Tech International Corporation (hereinafter "CTI"), where one project was guaranteed by a payment bond executed with Defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity"). Plaintiff alleges that CTI owes $103,525.15 plus interest for its work on the first project for the U.S. Navy (hereinafter "Navy project"). (Complaint, 2, May 3, 2012). Plaintiff also alleges that CTI owes $232,502.49 plus interest for its work on the second project for the Guam Waterworks Authority (hereinafter "GWA project'). *Id.* at 2-3. The amount owed for work completed on the GWA project is fully insured by Fidelity's payment bond pursuant to 5 GCA § 5304. *Id.*

On November 7, 2012, Plaintiff moved to supplement its complaint with an additional claim that Fidelity has refused to pay undisputed debts in violation of a surety's good faith duty to process claims. Plaintiff's proposed supplemental complaint alleges that the parties agreed upon undisputed amounts of liability in August 2012 but that Fidelity withheld payment in bad faith and caused further damages related to creditor claims, and the emotional distress and hospitalization of Plaintiff's President. (Mot. to Add Supplemental Claims, 5-6, Nov. 7, 2012).

On January 23, 2013, CTI and Fidelity moved to amend their answers to allege a set-off defense and a breach of contract counterclaim for the GWA project. Plaintiff argues that paragraphs nine and ten of the counterclaim do not state plausible claims for relief and are therefore futile or alleged in bad faith. The proposed amended answers also deny the prior admission that $232,502.49 plus interest is owed to Plaintiff for the GWA project. Defendants assert that the prior admission was made in error and Plaintiff objects that the correction is made in bad faith and with delay that shall cause prejudice.

On April 16, 2013, the Court issued a Decision & Order granting Tudor's motion to amend the complaint in part, but denied Tudor's motion to supplement a claim for emotional distress damages. (Dec. & Order, April 16, 2013). The Court also granted CTI's motion to amend their answer. *Id.*

On August 30, 2013, Tudor filed a motion for partial summary judgment on three separate grounds: (1) there is no question of material fact that there is an undisputed amount presently due and owing to Tudor from Defendants on the GWA project; (2) CTI is not entitled to $75,940.41 in remediation costs as a matter of law regarding its counterclaim; and (3) Tudor is entitled to the amount of $103,1525.13 plus interest for Tudor's extra work performed at CTI's request on the Navy project. (Mot. Partial Summ. J., 1-2, Aug. 30, 2013). In opposition, CTI and Fidelity argue that: (1) under Guam law, an obligee of a surety agreement may not recover in tort for a surety's bad faith, and thus Tudor has failed to state a claim for relief against Fidelity for bad faith; (2) the undisputed amount allegedly owed to Tudor is in dispute and the construction subcontract authorized CTI to set-off all of the amounts asserted in its counterclaim, which amounts exceed any amounts allegedly owed to Tudor; and (3) there are

genuine issues of material fact relating to the Navy project. (CTI's Opp'n. Mot., Sept. 27, 2013); (Fidelity's Opp'n. Mot., Sept. 27, 2013).

On September 27, 2013, Fidelity filed a motion for summary judgment on Plaintiff's supplemental complaint of bad faith asserting that a cause of action for "surety bad faith" should not be recognized, and even if it is recognized, Fidelity is still entitled to summary judgment based on the facts of this case. (Fidelity's Mot. Summ. J., 8-19, Sept. 27, 2013).

## DISCUSSION

### I. Summary Judgment Standard

Guam Civil Procedure Rule 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c) (2010). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8

(*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## II.   Bad Faith Claim Against Surety

On January 29, 2013, the Court issued a Decision and Order recognizing a cause of action for bad faith claims against a surety. (Dec. & Order, 4-6, Jan. 29, 2013). Fidelity argues that, even if the Court deems surety bad faith a recognized tort on Guam, applying the undisputed facts in this case to the relevant law warrants summary judgment in favor of Fidelity, precluding this claim.

In the jurisdictions that recognize a cause of action for surety bad faith, courts have noted that "[s]o long as a surety acts reasonably in response to a claim made by its obligee, the surety does not risk bad faith tort liability." *Dodge v. Fidelity and Deposit Co. of Md.*, 778 P.2d 1240, 1243 (Ariz. 1989) (citation omitted). Conversely, "[w]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." *Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1087 (Cal. 2007).[1]

In its briefs, Fidelity references *Fidelity Enterprises, Ltd., v. National Union Fire Insurance Company of Pittsburgh, Pa.*, CV0753-05, at 8 (Super. Ct. Guam Jun. 7, 2012), which quotes a California Court of Appeals case as follows: "[A]n insurer denying or delaying the payment of policy benefits due to the existence of a *genuine dispute* with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract." *Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.*, 108 Cal.Rptr.2d 776, 784 (Ct. App. 2001) (emphasis added). However, this genuine dispute does not relieve an insurer from its obligations to *thoroughly and fairly investigate, process and evaluate* the insured's claim. *Wilson*, 171 P.3d at 1089 (emphasis added). "A genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds." *Id.* (citations omitted).

---

[1] Under Guam law, suretyship is a type of insurance. 22 GCA § 18106 (2005).

Applying the genuine issue rule in the context of summary judgment motions filed in bad faith claims, a reviewing court may "grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002). Under the above example, "because a bad faith claim can succeed only if the insurer's conduct was unreasonable, the insurer is entitled to judgment as a matter of law." *Id.* However, "an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." *Id.* (citation omitted). Put simply, "an insurer is entitled to summary judgment based on a genuine dispute over coverage or the value of the insured's claim only where the summary judgment record demonstrates the absence of triable issues as to whether the disputed position upon which the insurer denied the claim was reached reasonably and in good faith." *Wilson*, 171 P.3d at 1089.

In this case, Fidelity maintains that it denied payment on Plaintiff's claim due to the existence of a genuine dispute as to the amount of the claim and the validity of the claim. For Fidelity to succeed on its motion for summary judgment, the record must indisputably demonstrate that the basis for Fidelity denying Plaintiff's claim was reasonable and in good faith. *Amadeo*, 290 F.3d at 1161. Viewing the facts in the light most favorable to Plaintiff, the Court finds that there is a triable issue as to whether the disputed position upon which the insurer denied the claim was reached reasonably and in good faith. Under the above standard, there are insufficient facts to show that Fidelity thoroughly and fairly investigated, processed and evaluated the Plaintiff's claim when it was first submitted to Fidelity.

In support of Fidelity's claim, Dennis Walsh, as Claims Counsel for Fidelity, declares that he was "informed, believed, and determined that a legitimate dispute exists between CTI and Tudor over the amount of Tudor's subcontract, the quality of work performed by Tudor, the amount of costs and expenses incurred by CTI to repair and complete Tudor's scope of work, and the amount, if any, owed between the parties." (Decl. Dennis Walsh, 3, Sept. 27, 2013).

Despite this unsupported, conclusory statement, this Court cannot grant Fidelity's summary judgment motion on this claim, in the absence of any evidence proffered to detail the actual nature, quality, and thoroughness of the alleged investigation.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant Fidelity and Deposit Company of Maryland's motion for summary judgment on Plaintiff's supplemental complaint of bad faith is hereby DENIED.

**SO ORDERED** this /2-7H day of **February, 2014.**

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

